UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT MILLER,<br><br>        Plaintiff,<br><br>  v.<br><br>LES ZIEVE as TRUSTEE,<br><br>        Defendant. | No. 2:14-cv-01266-GEB-KJN<br><br>**ORDER GRANTING DEFENDANT'S DISMISSAL MOTION UNDER RULE 12(B)(6)** |

        Defendant moves under Federal Rules of Civil Procedure ("Rules") 12(b)(6) and 12(b)(7) for dismissal of Plaintiff's verified Complaint. (Def.'s Mem. P. & A. Supp. Mot. to Dismiss ("Mot."), ECF No. 10-2.)[1] Plaintiff asserts his Complaint consists of a federal claim under the Equal Credit Opportunity Act ("ECOA"), a federal claim under the Fair Credit Reporting Act ("FCRA"), a California breach of contract claim, and a fraud claim. Plaintiff avers in his Complaint, inter alia:

> Defendant[] willfully, negligently and with malice aforethought, filed, or caused to filed, a series of documents known to be false at the time of the execution and filing of the instruments in the public record

---

[1] Defendant asserts it is "erroneously sued as 'Les Zieve, as Trustee'" and should have been sued as "Law Offices of Les Zieve." (Notice of Mot. 1:26-27, ECF No. 10-1.) Therefore, in this Order "Defendant" is referenced as the Law Offices of Les Zieve.

1

> against Plaintiff's interests. Defendant[] claims an interest that is adverse to Plaintiff's by failing to evidence, after notice by Plaintiff and request for such evidence, any document executed by the beneficiary of the debt obligation, which validates certain alleged facts contained within the Notice of Default ("NOD"). The document that was recorded against Plaintiff's interests, and filed by Defendant, that accelerated Plaintiff's debt obligation is the Notice of Default (Hereinafter "FALSE INSTRUMENT"), Instrument No. 22302017, filed at Santa Clara County CA on July 15th, 2013. The false instrument is attached hereto as Plaintiff's Exhibit 1.

(Compl. ¶ 5.) No document referred to as "Exhibit 1" is attached to Plaintiff's Complaint. Plaintiff also relies on two additional exhibits in paragraph 43 of his Complaint that are not attached to his Complaint. Consideration of the averments in Plaintiff's claims reveals that they are premised on conclusions that are unsupported by facts sufficient to allege plausible claims. "To survive a motion to dismiss [under Rule 12(b)(6),] a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Plausibility requires pleading facts, as opposed to conclusory allegations." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). Since Plaintiff has not plead facts that plausibly support his claims, Plaintiff's claims are dismissed under Rule 12(b)(6). See, e.g. Greenway Nutrients, Inc. v. Blackburn, 2015 WL 1524941 at *8 (D. Colo. Feb. 23, 2015) (dismissing the plaintiff's breach of contract claim where the plaintiff referenced an exhibit he did not attach to the complaint and failed to present any "factual

2

averments" supporting his claim.) However, Plaintiff may file an amended complaint within ten (10) days of the date on which this Order is filed in which the deficiencies in his claims are addressed.

Dated:  July 13, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge